*160
 
 Tavxor, Chief-Justice:
 

 The two cases between these Parties are branches of the same transaction, of which I have endeavored to form a connected view by looking into the whole of the record, and extracting from it a statement Hp0n which the judgment of the Court must be given.
 

 Garrett Goodloe was appointed guardian to Riddick Stallings, a minor, who died soon after he came of age, when Shadrach Stallings administered upon Ms estate, and petitioned against the executors of Garrett for an account and settlement of the guardianship, about sixteen years ago. The executors answered. A reference was made to the Master, whose report was set aside: a second reference was made, and, no exceptions being taken to the report, a decree was made conformably to it at October term, 1814, for the sum.of $1,209.
 

 The executors then obtained an injunction, wMch was-dissolved on the coming in of the answer, in the Court of Equity for New-llanover, and the decree of dissolution was afterwards confirmed in this Court. The executors in April, 1817", filed a petition to review the decree, to which the administrator of Riddick Stallings pleaded, that the decree had not been performed ; and that case, upon the sufficiency of the plea, was transmitted to this Court, and is one of the two cases now depending here between the parties.
 

 In the mean time, execution issued against the executors, who, in March, 1818, obtained ahupersedeas from a Judge, upon an affidavit which stated, in substance, the same facts which formed the ground of the petition to review. Sha-drach Stallings, the administrator, met this with a counter affidavit, and a motion to dismiss the supersedeas : or if it should be continued, an order that the executor
 
 should
 
 give security for the payment of the judgment, or that the property levied upon should be forthcoming in the event of the supersedeas being dismissed. The motion to dismiss the supersedeas, and for the security, was directed to be sent
 
 here;
 
 and that forms the second case.
 

 
 *161
 
 There is nominally a third case on the docket between the parties
 
 ;
 
 but it is in reality a part of the first, being' an assignment of the errors on which the executors allege the decree ought to be reyersed.
 

 It appears to me that a decision on the plea must unavoidably decide the question on the supersedeas ; for if the plea be sustained, the amount of the decree must be paid by the executors, and the administrator is entitled to the effect of his execution. On the contrary, if the plea be overruled, the supersedeas must be continued 5 in which event, it will be necessary to dispose of the other motion made by the administrator in relation to security. I shall therefore proceed to consider the plea.
 

 The jurisdiction concerning orphan’s estates was vested in the County and Superior Courts, to avoid the delay and expense incident to an application to the Court of Chancery, which was then held in one place only by the Governor and Council. But it is evident from the law introducing this change, that the power of the County and Superior Courts was intended to be concurrent with that of the Chancery, the forms of practice in which were to be observed in all cases where no change was made by the act. This appears from the preamble of the act of 17G2, ch. 5, from the 23d and 24th sections, and from its general scope.
 

 In the third of Lord Bacon’s ordinances,
 
 *
 
 which were made nearly two hundred years ago, it is provided that no bill of review should be admitted, or any other new bill .to change matter decreed, except the decree be first obeyed and
 
 performed;
 
 as, if it be for land, that the possession be yielded ; if it be for money, that the money be paid
 
 ;
 
 if it be for evidences, that the evidences be brought
 
 in;
 
 and so in other cases which stand upon the strength of the decree alone. The fourth ordinance makes an exception of those acts which extinguish a party’s rights at common law ; such as making an assurance, or release,, or the like ; these are to be stayed till the hearing.
 

 
 *162
 
 It has been said by Lord Hardwicke,
 
 *
 
 that these rules have never been departed from : But in Williams
 
 v.
 
 Mellish,
 
 †
 
 the proceedings wore offered to be stayed on a bill of review, if the Plaintiff would swear that he was unable to perform the decree, and would lie in prison till the matter was determined on the bill of review. And in a subsequent case, the Plaintiff was allowed to bring a bill of review,: without paying the costs of the original cause, upon making oath he was not worth 40l. besides the matter in question.
 
 ‡
 
 In Levil
 
 v.
 
 Darcey,
 
 §
 
 the rule of the Court was pleaded to a-bill of review, that the Plaintiff ought first to have brought the money into Court $ but the Court said they would dispense with the rule upon his giving good security. These cases seem to shew the present practice in' the Court of Chancery in England, and it follows from them, that the rule may be dispensed with under the circumstances of each case; that the decree must either be performed, security given for its performance, or the party must swear he is unable to do either, and surrender him-' self to jail till the bill of review be determined. But I am inclined to think, that an order for security is made only under peculiar circumstances, as it is not noticed as a distinct exception to the rule in the modern books of practice
 
 ;
 
 and in the only case where I can find it was made, the decree was for a large sum of money.
 

 It is not easy to say what the practice has been in this' State
 
 ;
 
 from the imperfect organization of the Equity Courts, they can scarcely be said to have acquired any fixed and stable rules of practice. In Spiller’s case, a motion to suspend the proceedings in an original cause was made, on filing a bill of review, but overruled by the Court, who admitted the rule as it is transmitted by Lord Bacon : and this decision was subsequently recognised in the case of Kenon’s executors
 
 v.
 
 Williamson.
 
 ǁ
 
 In the case of Pannell and Wife
 
 v.
 
 Taylor, decided in this Court, the party was
 
 *163
 
 allowed to proceed with a bill of review, upon its being shewn that he Avas insolvent. The rule which shall be established in this case, will probably regulate the practice in
 
 future;
 
 and upon a consideration of the state of society among us, and the mode of transacting affairs, influenced more by the periodical returns of agricultural gain, than the constant circulation of commercial profit; the hasty manner in which Equity business has been done; and the genius of our government, which should oppose no harsh, and frequently insuperable obstacles to the administration of justice, I am disposed to think the milder rule will be the most just one ; and that if the party obtaining the decree is rendered secure in the event of a dismission of the bill of review, the inconvenience will be small, compared with that which will flow from the denial of justice, which a rigorous exaction of the money will in many cases occasion. It will correspond too with the ordinary practice in writs of error and appeals, and all other means by which errors of fact or law are reviewed. I am, therefore, of opinion, that upon the executors of Garrett Goodloe giving bond Avith security, conditioned to prosecute the bill of revietv, they may proceed with it, in the discretion of the presiding Judge : and that the plea in this case be oxrer* ruled, but Avithout costs : tiiat the supersedeas be continued until the next term of New-iIanoxrer Superior Court, when it ought to be dismissed.
 
 *
 

 *
 

 2
 
 Bac. Works, 239.
 

 *
 

 3 Atk. 35.
 

 †
 

 1 Vein.
 
 117.
 

 ‡
 

 Id. 264.
 

 §
 

 1 Chan. Cas. 42.
 

 ǁ
 

 1 Hayw. 350.
 

 *
 

 Gastos- argued this case for the administrator of R. Stallings ; and it peing a case which presented to the Court an opportunity of settling a rule of practice relative to bills of review, which should suit the condition and convenience of our country, the Court invited a full argument and g-ave to the case much consideration.
 

 Gaston argued, that no bill of review shall be admitted, or any other new bill to chang-e matter decreed, except the decree be first obeyed and pei-formed. As, if for land, that the possession be yielded; if for money, that the money be paid; if it be for evidences, that they be brought in; and so in other cases which stand upon the strength of the decree alone.
 
 †
 

 But if any act be decreed to be done, which extinguishes the party’s
 
 *164
 
 right at the common law, as making of an assurance or release, acknowledging satisfaction, cancelling bonds or evidences, and the like, those parts of tile decree are to be spared until the bill of review be determined, but such sparing is to be warranted by public order made in Court.
 
 *
 
 These rules, established by Lord Bacon, have never been departed from, since the making of them.
 
 †
 

 The Plaintiff must perform the decree in all cases wherein tire Court can set him in as good a state as he was, in case the first decree happen to be reversed.
 
 ‡
 
 And in the case of Milton
 
 v.
 
 Macsfield,
 
 §
 
 the Court said that in a bill of review all things are to be performed according to the former decree, that do not extinguish the right, otherwise the non-performance is a good plea in bar: as, if writings are to be brought into Court, or costs paid; but not to release the right or make a conveyance, because that would destroy the right.
 

 It is true there is a case to be found in 1 Ch. Cas. 42, which is noted in Hinde 59, and in the Practical Register, 52, in which the Court permitted tlie Plaintiff on a bill of review, to proceed, on giving good security to satisfy the former decree. But probably there were some peculiar circumstances in the case, the note which we have of it being very imperfect ; for in the case of Williams v. Mellish,
 
 ǁ
 
 the Lord Keeper would not allow a bill of review without satisfying the former decree, except the Plaintiff would swear he was unable to do it, and surrender himself to the Fleet till the matter in the bill of review was determined.
 

 In another case,
 
 ¶
 
 Filton v. Macclesfield, the Lord Keeper allowed the Plaintiff to bring a bill of review, without paying the costs decreed in the
 
 *165
 
 original case, he having been in prison twenty years, and having made oath that he was not worth 40Z. besides the matter in question. But in this case, it was objected that the order for thus dispensing with the costs, should have been set forth in the bill of review.
 

 A supplemental bill in the nature of a bill of review, agrees in every respect with a bill of review, except that it is used where the bill has not been signed and enrolled. Cowperts Equity Pleadings, 89.
 

 The jurisdiction over these subjects given to the Courts of Law by the act of 1762, ch. 5, is concurrent with that of the Chancery; their forms of proceeding are analagous, and the rules of the latter, of course, when applicable, ought to govern the former.
 

 †
 

 Ld. Bacon Ord. 3.
 
 2
 
 Bacon’s Works
 
 239.
 
 Hinde
 
 59.
 

 *
 

 Ld. Bacon Ord.
 
 4.
 
 Hinde
 
 59.
 

 †
 

 3
 
 Atk. 35.
 

 ‡
 

 Toth. 42. Prac. Reg,
 
 52,
 
 Hinde 59.
 

 §
 

 2 Freeman 88. Hinde 50.
 

 ǁ
 

 1
 
 Vern.
 
 117.
 

 ¶
 

 1
 
 Vein.
 
 264,
 
 Hinde
 
 62.